FREEMAN *et al. v.* Ross.

*(Nashville,* December Term, 1952.)

Opinion filed March 6, 1953.

JOHN D. WHALLEY and MARTIN & COCHRAN, all of Nashville, for plaintiffs.

JOHN HARDIN, of Hopkinsville, Ky., and ALLEN M. O'-BRIEN, and JAKE A. O'BRIEN, both of Springfield, for defendant.

Mr. Justice Gailor delivered the opinion of the Court.

This appeal presents a suit brought by Mrs. Nancy Ross as administratrix of the estate of Thurman Ross, for the wrongful killing of Thurman Ross. It is alleged in the declaration that the defendants Carney Freeman and D. S. McCormac, while officers of the State Highway Patrol, wrongfully shot and killed Thurman Ross, and that the defendant, Employers' Liability Assurance Corporation, is the surety on the bond of the defendant highway patrolmen and liable for their wrongful action in the present case.

The defendant officers were personally served with process in Robertson County, and with the original process for these officers, there was filed counterpart process and a copy of the declaration for service upon the defendant Assurance Company in Hamilton County. This counterpart was sent to Hamilton County and served there by a Deputy Sheriff upon a stenographer at the office of the Assurance Company in Chattanooga.

The Assurance Company entered special appearance and filed plea in abatement on the ground, among others, that this service upon the stenographer was void.

Since the appeal rises from the next step in the litigation, we copy from the record to show exactly what occurred:

"When this cause was regularly reached upon the docket before the Honorable W. P. Puryear, Jr., Judge of the Circuit Court for Robertson County, Tennessee, on the 6th day of October, 1952, counsel for the defendant Employers' Liability Assurance Company, Ltd., stated to the Court that there had been filed on this day a plea in abatement to the summons, which plea in abatement was read to the Court

and affidavits in support thereof, were read and filed with the clerk.

"Thereupon, counsel for the plaintiff stated to the Court that the original counterpart summons had not been properly served upon the defendant, and moved the Court for an alias counterpart summons to Hamilton County, Tennessee, to be served upon the defendant. Upon consideration of the motion for an alias counterpart summons, the Court was pleased to and did grant the same.

"Thereupon, upon consideration of the plea in abatement, the Court was of the opinion that having granted the motion for the issuance of the alias counterpart summons that the plea in abatement was not well taken and the same was overruled."

To this action of the Trial Court, the defendant Assurance Company excepted and makes two assignments of error that the Trial Judge erred (1) in overruling its plea in abatement, and (2) in allowing the issuance of alias counterpart process.

We find no error in the action of the Trial Judge taken under the facts and circumstances disclosed by the record above. Upon the admission by plaintiff's attorney that the original counterpart had been defectively served, it was within the sound discretion of the Trial Judge to permit the amendment.

"No summons, writ, pleading, *process*, return, or other proceeding in any civil action in any court, shall be abated or quashed for any defect, omission, or imperfection." Code Sec. 8707. (Our emphasis.)

"The court may allow material amendments at any stage of the proceedings, upon such terms, and subject to such rules, as it may prescribe." Code Sec. 8711.

The plaintiff in error cites no authority which prevents the application of these statutes in the present case. The assignments of error are overruled and the judgment affirmed.

TOMLINSON, Justice, not participating.